DECISION AND JUDGMENT ENTRY
{¶ 1} Christina Ward ("Mother") appeals the judgment of the Washington County Court of Common Pleas, Juvenile Division, granting the motion of Aaron V. Harman ("Father") for custody of the parties' minor daughter, Kimberly Dawn Harman. Mother contends that the trial court erred in granting Father's motion because father failed to sustain his burden of proving that a change in circumstances occurred and that a change of custody would be in Kimberly's best interest. Accordingly, Mother asserts that the trial court's decision is against the manifest weight of the evidence. Additionally, Mother asserts that the trial court improperly ordered the change of custody to punish her for conduct the court considered morally wrong. Because the record reveals that Mother failed to preserve these issues for appeal by raising them in her objections to the magistrate's decision, and because even to the extent that Mother did raise the issues before the trial court, she failed to support her objections with a transcript of the hearing as required by Civ.R. 53(E)(3)(b), she cannot assign error to the trial court's adoption of the magistrate's factual findings. Accordingly, we overrule each of Mother's four assignments of error and affirm the trial court's judgment.
 I. {¶ 2} Mother gave birth to Kimberly Dawn Harman on January 20, 1998. Father's name appears on Kimberly's birth certificate, but Mother and Father never married. From birth, Kimberly resided with Mother. Mother married Samuel Ward in 2003 and has two children with him. In September 2003, Father filed a petition seeking to obtain custody of Kimberly, which Mother opposed. In May 2004, the court granted Mother custody of Kimberly and granted Father standard visitation.
 {¶ 3} On November 19, 2004, Father filed a motion to modify parental rights and responsibilities, in which he again sought to obtain custody of Kimberly. In his motion, Father alleged that a change of circumstances had occurred and that it would be in Kimberly's best interest to reside with him. Specifically, Father alleged that Mother had engaged in an extra-marital affair with a married man that placed Kimberly in danger. Therefore, Father contended that Kimberly would be safer in his custody. Upon Father's motion, the trial court granted him temporary custody of Kimberly during the pendancy of the action.
 {¶ 4} The trial court referred the matter to the magistrate, and the magistrate conducted a custody hearing. The magistrate issued a decision, wherein he found that a change of circumstances occurred and that it was in Kimberly's best interest for Father to have custody. The magistrate found, inter alia, that Mother engaged in an extra-marital affair with a married man. He noted that the affair resulted in numerous incidents of violence and turmoil between Mother and her paramour's wife, as well as Mother and her husband. Many of these incidents involved the intervention of law enforcement personnel, and ultimately caused Mother to relocate from New Matamoras to Marietta, Ohio. The magistrate found that although Kimberly was fortunate enough not to be present during the various acts of violence associated with Mother's conduct, she was, nonetheless, negatively affected by the instability and turmoil in Mother's home that resulted from the affair. Even though Mother ended the affair, the magistrate noted that there was still violent conflict in Mother's home, and that the wife of her paramour drove to Marietta to confront her about the affair.
 {¶ 5} Next, the magistrate considered each of the factors enumerated in R.C. 3109.04(F)(1) to determine what custody arrangement would be in Kimberly's best interest. The magistrate interviewed Kimberly in chambers and found that she has sufficient reasoning ability to express her wishes and concerns. While the vast majority of the factors balanced equally in favor of both parents or were not applicable, the magistrate found that Kimberly's wishes, and her adjustment to her home, school, and community weighed in favor of Father obtaining custody. R.C.3109.04(F)(1)(b) and (d). Kimberly indicated to the magistrate that she would prefer that the court place her in Father's custody because she does not like living with her half-siblings, her Mother's home is filthy, and Mother argues with her husband about "stupid things." The magistrate also found that by living with Father, Kimberly will continue to reside in New Matamoras, attend the same school and have the same friends, while Mother's move to Marietta would require Kimberly to change schools and make new friends.
 {¶ 6} After finding that a change of circumstances occurred, and that a modification of custody was in Kimberly's best interest, the magistrate specifically found that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to Kimberly. Accordingly, the magistrate granted Father's motion to modify parental rights and responsibilities, granted him custody of Kimberly, and granted Mother standard visitation. The trial court executed an entry adopting the magistrate's decision and the decision and entry were journalized on June 17, 2005.
 {¶ 7} On June 23, Mother filed a handwritten letter disputing the judgment with the clerk of courts. In her letter, Mother indicated that she was not satisfied with the judgment and disputed several of the magistrate's factual findings. Specifically, Mother stated that her home is clean, that all siblings tear up each other's rooms, and that she has more family in Marietta. Mother sought to update the court on several relevant matters, including her employment status. She also made a number of unsubstantiated allegations against Father. Mother did not support her argument with a transcript of the custody hearing before the magistrate.
 {¶ 8} The trial court apparently viewed Mother's letter as Mother's "objections" to the magistrate's decision because, on June 30, 2005, it issued an Entry affirming the magistrate's decision.
 {¶ 9} Mother timely appeals, raising the following assignments of error: "I. The judgment is not sustained by the evidence and is against the manifest weight of the evidence. II. The court erred in determining that there had been both a change in circumstances of the parent/Appellant Christine Harman and that a change in custody would be in the best interest of the minor child, Kimberly Harman as required under O.R.C. 3109.04. III. Appellee, Aaron Harmon, failed to meet his burden of proof by failing to establish a change had occurred in the circumstances of the child since the initial custody decision of the court on May 5, 2005. IV. Change in custody from the mother to the father was improper, since it was ordered to punish the mother for conduct the court considered morally wrong."
 III. {¶ 10} Although Mother raises four separate assignments of error challenging the trial court's award of custody to Father, we find that the main thrust of each of her assignments of error is that the trial court erred in finding that there had been a change of circumstances sufficient to warrant a change of custody. Specifically, Mother contends that the trial court erred in finding that: (1) Mother's extra-marital affair with her married neighbor, and the violence and conflict it caused in her home, constituted a change of circumstances because Kimberly was not present during the acts of violence, and therefore, was not affected by it; and (2) Mother's move from New Matamoras to Marietta constituted a change of circumstances to warrant a change of custody. Additionally, Mother asserts that the trial court improperly granted Father custody of Kimberly to punish Mother for her extra-marital affair because the court believed her conduct to be immoral. Because Mother's assignments of error are interrelated, we address them together.
 {¶ 11} A trial court enjoys broad discretion in custody proceedings. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This is due, in part, to the fact that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Id. at 418. We will not disturb a trial court's custody determination unless the court abused that discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74. An "abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; Booth v.Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 12} While the trial court has discretion to grant or deny a change of custody, the record must contain sufficient factual evidence to support the court's findings. Beekman v. Beekman
(1994), 96 Ohio App.3d 783, 787. We will not reverse a judgment as being against the manifest weight of the evidence when the record contains some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. In conducting our review, we must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993),66 Ohio St.3d 610, 614; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. We give deference to the trial court as the trier of fact because it is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.
 {¶ 13} We must first determine whether Mother has properly preserved her assignments of error for our review. Civ.R. 53(E)(3)(b) provides that "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The rule requires a party to make specific objections and state the grounds of the objection with particularity. Id. Moreover, it requires a party to support any objection to a finding of fact with a transcript of all of the evidence submitted to the magistrate relevant to that fact. Id.
 {¶ 14} Here, Mother's handwritten letter to the court states her general dissatisfaction with the magistrate's decision. However, the only findings or conclusions that Mother specifically challenges are the magistrate's findings that Kimberly does not wish to live with Mother because her half-siblings tear up her room and because Mother's home is filthy, and the magistrate's finding that Kimberly has more relatives living near her Father's residence in New Matamoras. The rest of the letter makes unsubstantiated allegations about Father and his family that do not appear to have been raised during the custody hearing, and updates the court on the status of Mother's employment and driver's license, and the adjustment of her other children to their new home. Mother concludes her letter by stating that she wants her daughter back, and asks the court to "[p]lease think about this."
 {¶ 15} Mother's letter to the court does not state her objections to the magistrate's findings or conclusions with specificity as required by Civ.R.53(E)(3)(b). Nor do her objections raise the main issue Mother argues repeatedly in her appellate brief — whether the trial court erred in determining that Mother's extra-marital affair and the resulting conflict and violence caused a change of circumstances sufficient to warrant a change of custody. Moreover, we note that, while Mother has filed a transcript of the custody proceeding on appeal, she did not file that transcript with the trial court to support her objections to the magistrate's decision. Because the transcript was not part of the record before the trial court, we may not consider it here. See, Mollica v. Mollica, Medina App. No. 02CA0079-M, 2003-Ohio-3921, ¶ 6, citing Molnar v. Molnar (June 20, 2001), 9th Dist. No. 3102-M.
 {¶ 16} At best, we find that Mother's objections challenge only the magistrate's finding that it was in Kimberly's best interest for Father to have custody. This is because the only factual findings Mother challenges in her letter relate to the magistrate's findings that Kimberly has more family members in the New Matamoras area, and that Kimberly's wishes to live with her Father because her Mother's house was filthy and her half-siblings tore up her room at Mother's house.
 {¶ 17} Because the portion of Mother's second assignment of error that relates to the trial court's best interest findings involve questions of fact, and because Mother failed to support her objections to those findings with the transcript of the custody hearing, we must accept the magistrate's findings as true. See, e.g., Shrider v. Shrider (July 14, 1987), Franklin App. No. 87AP-229. Therefore, we cannot find that the magistrate's factual findings were against the manifest weight of the evidence. Nor can we find that the trial court abused its discretion in adopting the magistrate's factual determination that it was in Kimberly's best interest for Father to have custody where the child expressed a desire to live with her Father, and where a grant of custody to Father would maintain the child's existing ties to her school and community.
 {¶ 18} Mother's objections do not mention the magistrate's findings regarding her extra-marital affair or the violence and conflict it caused in her home. Nor do they challenge the magistrate's specific finding that, although Kimberly was not actually present for any of the violence associated with her Mother's conduct, Mother's conduct had a negative effect on Kimberly. The magistrate specifically found that the threats of violence and numerous calls for the aid of law enforcement officers resulting from Mother's conduct caused turmoil and instability in the home, causing Mother's husband to move out of the family's residence, taking Kimberly's half-siblings with him. Because Mother failed to object to these factual findings, we conclude that Mother has failed to preserve her remaining assignments of error for our review. Accordingly, we overrule each of Mother's four assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.